UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#13 (11/16 HRG OFF)
JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-5977 PSG (GJSx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | Monica Sevilla v. Life Care Centers of America, Inc., *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**     Order GRANTING Motion to Remand

    Before the Court is Plaintiff Monica Sevilla's ("Plaintiff") motion to remand to state court for lack of subject matter jurisdiction. Dkt. # 13. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the supporting and opposing papers, the Court GRANTS Plaintiff's motion to remand.

I.     Background

    For ten years, Plaintiff was a Certified Nursing Assistant for Defendant Life Care Centers of America, Inc. (doing business as North Walk Villa Convalescent Hospital) ("Defendant"). *Compl.* ¶¶ 3, 12, 13. In July, 2014, Plaintiff was suspended while Defendant investigated a theft allegation made by one of its patients. *Id.* ¶ 13. Less than two weeks later, Plaintiff sought medical help because she felt she was having a panic attack as a result of the accusations. *Id.* ¶ 14. Plaintiff was diagnosed as suffering from Primary Acute Stress Disorder and Adjustment Disorder with Anxiety. *Id.* On August 12, 2014, Plaintiff was cleared of the allegations against her, but Defendant told Plaintiff she needed a doctor's note clearing her to return to work. *Id.* ¶ 16. On September 3, 2014, Plaintiff's doctor diagnosed her with General Anxiety Disorder, Post Traumatic Stress Disorder, Agoraphobia, and Insomnia and required her to be on medical leave until October 21, 2014. *Id.* ¶ 18. Defendant terminated Plaintiff on September 18, 2014. *Id.* ¶ 19.

    Plaintiff filed her Complaint in Los Angeles Superior Court on July 2, 2015 advancing eleven causes of action under the California Fair Employment and Housing Act ("FEHA") and the California Family Rights Act ("CFRA"). *See generally Compl.* In addition to injunctive and declaratory relief, the Complaint requests damages for past and future lost earnings, punitive damages, and attorneys' fees, but does not specify an amount. *Id.* On the cover sheet of her Complaint, Plaintiff checked the box for unlimited jurisdiction, indicating that the amount demanded exceeds $25,000. *See* Dkt. # 1 at 30. Defendant removed this action to federal court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-5977 PSG (GJSx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | Monica Sevilla v. Life Care Centers of America, Inc., *et al.* | | |

on August 6, 2015 on the basis of diversity jurisdiction. *See* Dkt. # 1, *Notice of Removal* ("NOR"). Plaintiff now moves to remand the case, arguing that Defendant has not met its burden of demonstrating that amount in controversy is met. *See* Dkt. # 13.

II.     Legal Standard

Federal courts are of limited jurisdiction and possess only that jurisdiction as authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. A plaintiff may seek to remand the case to the state court from which it came if the district court lacks subject matter jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c).

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000 amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. 267, 267 (3 Cranch) (1806); 28 U.S.C. § 1332(a).

Where "it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Urbino v. Orkin Serv. of Cal.*, 726 F.3d 1118, 1121-22 (9th Cir. 2013) (citations and internal quotes omitted). To determine whether removal in a given case is proper, a court should "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). There is a strong presumption that the plaintiff has not claimed an amount large enough to establish federal jurisdiction. *Id.* at 566; *accord Geographic Expeditions, Inc v. Estate of Lhotka*, 599 F.3d 1102, 1007 (9th Cir. 2010). "[F]ederal jurisdiction must be rejected if there is *any doubt* as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (emphasis added).

III.    Discussion

Here, Defendant has not met its burden of establishing amount in controversy by a preponderance of the evidence. Defendant's NOR presents almost no facts to support its assertion that "the amount in controversy exceeds the sum of $75,000." *See NOR* ¶ 5.

To support jurisdiction, Defendant relies primarily on the fact that when Plaintiff initially filed her case in a Los Angeles Superior Court of unlimited jurisdiction, she alleged damages in excess of $25,000. *See* Dkt. # 15, *Defendant's Opposition to Plaintiff's Motion to Remand*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-5977 PSG (GJSx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | Monica Sevilla v. Life Care Centers of America, Inc., *et al.* | | |

("Opp."), 4:22-23. Defendant contends that the $25,000 in damages "combined with a claim for punitive damages and attorneys' fees" make it more likely than not that the amount in controversy requirement is met. *Id.* 5:3-5. That Plaintiff pled damages necessary to establish jurisdiction at the state level is not, however, enough to demonstrate that the total amount in controversy exceeds the much higher figure of $75,000. *See Hernandez v. Vivendi Universal Entertainment, LLC*, 2013 WL 3872088 at *1 (C.D. Cal. July 24, 2013) (remanding suit removed on the basis of diversity where the complaint, brought in Los Angeles Superior Court and stating eight causes of action, alleged only an amount in controversy over $25,000 and defendants took "a relatively cursory approach to the issue of amount in controversy.") Were the Court to infer the amount in controversy exceeds $75,000 based solely on Plaintiff's having alleged an amount exceeding $25,000, this Court would automatically have jurisdiction over all California actions filed in courts of unlimited jurisdiction where diversity is met. Such an outcome would violate the canon that "removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts." *Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 698 (9th Cir. 2005).

Furthermore, courts routinely reject assumptions as to amount in controversy which are not reasonably supported by any factual basis. *See Sanchez*, 2014 WL 807997 at *2; *see also Walton v. AT&T Mobility*, No. 2:11-cv-01988-JHN-JC, 2011 WL 2784290 at *2 (C.D. Cal. July 14, 2011) (finding that "bald assertions are not enough"). Here, Defendant provides no factual basis for its assumption that Plaintiff's alleged disorders — general anxiety disorder, PTSD, agoraphobia, and insomnia — "are serious disorders that generally require more than a few medical appointments to properly treat." *Opp.* at 4:22-28. Even if the Court were to assume that Plaintiff's disorders will require more than a few medical appointments, Defendant has offered absolutely no evidence that those appointments are more than likely to carry the amount in controversy over the $75,000 threshold.

Similarly, Defendant vaguely concludes that the amount in controversy more than likely exceeds $75,000 because Plaintiff has now been out of work for a year, "the absence of any income over the course of a year is substantial," and Plaintiff has asked for attorneys' fees and punitive damages. *Opp.* 5:2-5. Whether the absence of any income over the year is "substantial" to Plaintiff is a question distinct from whether that lost income is substantial *enough* that Plaintiff's damages for lost income will come anywhere close to $75,000. Plaintiff's complaint asserts that she worked approximately 1,250 hours in the 12 months prior to being fired. *Compl.* ¶ 26. Plaintiff was fired a little over a year ago, in September, 2014. *Id.* ¶ 19. Presumably, then, Plaintiff has accrued somewhere in the realm of 1,250 hours of lost wages to this point. Defendant has presented the Court with no "concrete facts" for presuming that Plaintiff's hourly rate as a nursing assistant at a convalescent hospital is so high that approximately 1,250 hours in lost wages will carry her claim anywhere near the $75,000

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-5977 PSG (GJSx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | Monica Sevilla v. Life Care Centers of America, Inc., *et al.* | | |

threshold. *See Hernandez*, 2013 WL 3872088, at *2 (ordering remand where Defendants presented no "concrete facts" to explain why lost earnings, punitive damages and attorneys' fees would carry Plaintiff's claim over the $75,000 threshold; Plaintiff worked approximately 1,664 hours per year at a rate of $10.20 per hour and had been out of work for a little over a year, making total lost wages due to wrongful termination somewhere around $20,000).

Nor has Defendant demonstrated that punitive damages are likely to be awarded, or that they would be sufficient to meet the amount in controversy requirement if they were. Accordingly, the bare fact that Plaintiff has requested punitive damages cannot serve as a basis for satisfying the amount in controversy. *See Hernandez,* 2013 WL 3872088 at *2 (rejecting defendant's argument that plaintiff's request for punitive damages was enough to satisfy the amount in controversy because punitive damages are exceptionally rare in employment cases and defendant otherwise failed to meet its burden).

Finally, Defendant has not met its burden because it has offered absolutely no showing regarding the expected fee award for this case.[1] *See Lilian Jeannette Galeano v. ABM Janitorial Serv., Inc.*, CV 14-3117 DSF (MANx), Dkt. # 11 at 1 (C.D. Cal. May 6, 2014) (ordering remand where defendant merely suggested that attorneys' fees might be awarded, but made "no attempt to demonstrate the expected fee award for this case.")

Rather than presenting the Court with a factual basis for its assumption that amount in controversy is met, Defendant impermissibly shifts the burden to Plaintiff to present "information necessary to determine [her] damages" or an affidavit that she will not seek more than $75,000. *See Opp.* 5:6-17. Defendant argues that once Plaintiff presents that information, the case will again become removable, and that the interests of justice therefore mandate that the Court deny Plaintiff's request for remand. *Id.* at 5:18-6:7. Although Defendant is correct that further discovery might reveal that amount in controversy is satisfied, the law is settled that where "it is *unclear* what amount of damages the plaintiff has sought…then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 567 (emphasis in original). Because Defendant has failed to meet its burden of showing that the amount in controversy exceeds $75,000, jurisdiction on the basis of complete diversity cannot stand at this time.

IV. Conclusion

---

[1] Moreover, Courts in the Ninth Circuit are split as to whether attorneys' fees which are anticipated but have not yet accrued at the time of removal should be calculated in determining amount in controversy. *See Reames v. AB Car Rental Serv.*, 899 F.Supp.2d 1012, 1020 (D. Ore. 2012) (collecting cases). The Court need not address which side of that split it falls on, because Defendant has not offered even a bare guess as to what attorneys' fees might be in this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV15-5977 PSG (GJSx) | Date | November 12, 2015 |
|---|---|---|---|
| Title | Monica Sevilla v. Life Care Centers of America, Inc., *et al.* | | |

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand.

**IT IS SO ORDERED.**